OREGON AUTOMOBILE INSURANCE
COMPANY,
*Appellant,*

*v.*

BALTZOR,
*Appellant,*
ESTATE OF COOK,
*Respondent.*

(31688; CA A30023)

688 P2d 403

Lawrence W. Erwin, P.C., Bend, argued the cause and filed the briefs for appellants.

Gary L. Hedlund, Klamath Falls, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This action, in the nature of interpleader and indemnity, was brought to determine which of two defendants is entitled to a $15,000 penal bond issued by plaintiff Oregon Auto to one of defendants, Arthur Baltzor, d/b/a BN Mobile Homes. The trial court awarded judgment in the amount of the bond to defendant Cook's estate and required Baltzor to indemnify Oregon Auto. Baltzor and Oregon Auto appeal. We affirm.

Before this case was filed, a dispute arose over the purchase by Cook of a mobile home from Baltzor. Cook contracted for a cash purchase of the mobile home in 1979. After paying Baltzor a $17,219 down payment and arranging to finance the balance, Cook suffered a heart attack. The mobile home was never delivered, and the down payment was not returned.

Baltzor agreed to attempt to resell the mobile home in order to recoup the down payment but soon fell into financial difficulties, and the mobile home was repossessed by the manufacturer or Baltzor's financers. After Cook died, her estate filed an action against Baltzor, seeking to recover the down payment. Oregon Auto was not a party to that action. Judicially noticed in this case and referred to as case no. 29568, that action was settled. In the settlement, Baltzor stipulated to a judgment against him in the amount of the down payment made by Cook, plus attorney fees, interest and costs, all payable out of Oregon Auto's bond.

After the judgment in case no. 29568, a dispute arose over the collection of that judgment by the Cook estate from the bond Oregon Auto gave in favor of Baltzor. Although Oregon Auto was not a party to the settlement, it filed this interpleader action, seeking a determination of the share of the bond issued by it to Baltzor to which each defendant was entitled. It also sought indemnification from Baltzor in the amount of the bond. Cook's estate answered, alleging that its decedent had commenced litigation against Baltzor in case no. 29568 and was awarded a judgment pursuant to the settlement agreement between the estate and Baltzor, which was intended to be satisfied by the proceeds of the Oregon Auto bond. Baltzor claimed that the bond was not properly payable

to either the Cook estate or the Baltzor dealership and should be returned to Oregon Auto.

The allegations in the *body* of Oregon Auto's complaint reserved no interest in the money for Oregon Auto. Although ORCP 31A specifically provides that a plaintiff in an interpleader may allege that it is "not liable in whole or in part to any or all of the claimants," Oregon Auto did not so plead. It did not participate in the trial.[1] Only Baltzor and the Cook estate were represented. The estate claimed that it was entitled to the bond proceeds, because the stipulated settlement between the estate and Baltzor in case no. 29568 contemplated recovery for fraud against the Oregon Auto bond. Baltzor's position at trial was that the original claim made in case no. 29568, resolved by the settlement agreement, was a breach of contract case, not a fraud case, so the claim, if pursued to judgment, would not have been payable under the bond, which covered fraud but not breach of contract. Baltzor did not claim at trial that he was not liable in indemnity to Oregon Auto, even if the bond proceeds were paid to the Cook

---

[1] The transcript begins:

"THE COURT: This is the time set for trial in the case of Oregon Automobile Insurance Company, Plaintiff, versus Arthur Baltzor, et al., Defendant; Case No. 31688.

"Is the Plaintiff ready for trial?

"MR. ERWIN: I think, your Honor, that the parties here are really the cross-claimant represented by Mr. Hedlund and the estate of Florence Cook versus — and the Defendant, Mr. Baltzor. The Plaintiff is Oregon Auto.

"I think Mr. Hedlund and I can enter into a stipulation or have the Court judicially notice that the pleadings — that I think all of the allegations of the Plaintiff in its complaint were admitted. That they were a bonding company for Mr. Baltzor and they have tentative funds and there were claims to that bond, which were from conflicting parties.

"THE COURT: Do you agree, counsel?

"MR. HEDLUND: Yes, your Honor.

"THE COURT: Very well. Then, you represent the cross-claimant?

"MR. ERWIN: I represent Mr. Art Baltzor, who is the Defendant in this case. I think we counterclaimed asking for a declaration; asking that the bond be returned to Oregon Auto; that the funds are not properly paid to any of the Defendants in this case.

"THE COURT: You're ready for trial?

"MR. ERWIN: Yes, your Honor."

estate. In fact, Baltzor conceded that, if the bond were paid to the estate, he would be liable to Oregon Auto in indemnity.[2]

The trial judge concluded that the Cook estate was not entitled to the bond pursuant to its terms, because the explicit language of the bond made it payable only in the event of fraud or fraudulent representations and case no. 29568 involved neither. However, the court awarded judgment to the estate, because the settlement agreement between Baltzor and the estate, to which Oregon Auto was not a party, stipulated that the estate could collect its judgment from the bond, even though there was no legal obligation on the part of the bonding company. The judgment also awarded Oregon Auto its indemnity claim against Baltzor. Oregon Auto and Baltzor appeal, claiming that the trial court erred in denying "plaintiff's motion for judgment of dismissal," because the agreement between Baltzor and the estate could not, as a matter of law, bind Oregon Auto.[3]

Although the trial judge was clearly correct in his conclusion that the estate's claim did not fall within the terms

---

[2] The transcript represents Baltzor's position as follows:

"THE COURT: Gentlemen, I'd like to understand something that perhaps is evident to everybody except me: If this bond and the money that it represents belongs to Oregon Automobile Insurance Company, what standing does Mr. Baltzor have to contest its application to this particular cross-plaintiff?

"MR. ERWIN: Mr. Baltzor's standing is via, as disclosed by the pleadings — the indemnity agreement by Oregon Automobile Insurance.

"THE COURT: In other words, if this money is found due and owing to the cross-claimant, then, he will have to indemnify?

"MR. ERWIN: Yes, and as a practical matter, Mr. Baltzor may owe fifteen thousand one way or the other, but it makes, is a significant difference to Mr. Baltzor. His contention is Oregon Automobile Insurance Company is not required to pay this amount. He is not required to have two creditors versus the one he has now, and he also is not subject to costs and attorney fees —

"THE COURT: Well, go ahead, Mr. Hedlund."

[3] Appellant's brief contains a single assignment of error, stated as follows:

"1. THE COURT ERRORED [sic] IN ITS CONCLUSION THAT AS A MATTER OF LAW THE AGREEMENT AS REFLECTED BY THE STIPULATION AND JUDGMENT IN CASE NO. 29568, BETWEEN DEFENDANT BALTZOR'S ATTORNEY, AND THE PERSONAL REPRESENTATIVE'S ATTORNEY FOR THE ESTATE OF COOK, BOUND PLAINTIFF OREGON AUTOMOBILE INSURANCE COMPANY, OR SUBJECTED PLAINTIFF TO LIABILITY TO THE ESTATE, AND THE COURT ERRORED [sic] IN DENYING PLAINTIFF'S MOTION FOR JUDGMENT OF DISMISSAL."

of the bond, we conclude that neither Oregon Auto nor Baltzor may assert at this time that the bond proceeds are not applicable to the estate's claim.

Oregon Auto tendered the bond proceeds into court unconditionally, reserving no right to have the fund returned. It did not appear at trial and preserved no error from which it can now appeal. The motion for judgment of dismissal, which it assigns as error, was Baltzor's, and Oregon Auto cannot avail itself of a record that it did not make. Whether or not fraud was a basis for the estate's claim, bringing it within the term of Oregon Auto's bond, Oregon Auto waived that requirement by unconditionally tendering the money and cannot now complain.

With respect to Baltzor's claim that the bond is not properly payable either to himself or to the estate and should be returned to Oregon Auto, we repeat that Oregon Auto tendered the bond unconditionally and is not entitled to have the proceeds returned to it. The trial court found that Baltzor stipulated in case no. 29568 that the estate could collect its judgment from the bond. The record supports that finding, and Baltzor cannot now claim that the Cook estate is not entitled to the bond proceeds.

It is apparent that Baltzor assumed that his interests were identical to Oregon Auto's at all times. We conclude that that was not the case, and we would find that the trial court erred in granting Oregon Auto a judgment against Baltzor for the amount of the bond under its indemnity agreement but for the fact that Baltzor did not contest the court's conclusion at trial or on appeal.

Affirmed.